IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARY WOLOVICK, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 16-cv-2787 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| CITIZENS FOR SEO, an Illinois political committee, and ANDREW SEO, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Cary Wolovick ("Plaintiff") brings this Class Action Complaint against Defendants Citizens For Seo ("CFS") and Andrew Seo ("Seo") (collectively, "Defendants"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I. NATURE OF THE ACTION

1. Seo is a candidate for the office of Commissioner of Metropolitan Water Reclamation District of Greater Chicago.

2. CFS is the official political committee that facilitates and financially supports Seo's campaign for the position of Commissioner of Metropolitan Water Reclamation District of Greater Chicago.

3. Defendants made (or directed to be made on their behalf) prerecorded voice calls to the wireless telephones of Plaintiff and each of the members of the Class without prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

4. Neither Plaintiff nor the other Class members consented, authorized, desired or permitted Seo or CFS to make calls to their wireless telephones.

5. By making such unauthorized calls, Defendants caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

6. In order to redress these injuries, Plaintiff seeks: (a) an injunction requiring Defendants to cease all unsolicited calling activities; (b) an award of statutory damages to the Class members under the TCPA; and (c) costs and reasonable attorneys' fees.

## II.  JURISDICTION AND VENUE

*Subject Matter Jurisdiction*

7. This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

*Personal Jurisdiction*

8. This Court has personal jurisdiction over Defendant Seo, pursuant to 735 ILCS 5/2-209, because Seo is domiciled in this District.

9. Further, this Court has personal jurisdiction over Defendants Seo and Citizens For Seo, because they engaged in tortious conduct in this District.

*Venue*

10. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(1), because Defendants reside in this District.

11. Further, venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this District.

### III. PARTIES

*Plaintiff*

12. Plaintiff is an individual residing in Cook County, Illinois.

*Defendants*

13. Seo is an individual residing in Cook County, Illinois.

14. CFS is a political committee organized in and existing under the laws of the State of Illinois and is recognized by the Illinois State Board of Elections.[1]

15. DeAnna Hines is a registered officer of CFS with an office located at: 3473 South King Drive, Suite 475, Chicago, IL 60616.

### IV. FACTUAL BACKGROUND

*Defendants Use An ATDS/Predictive Dialer*

16. Political candidates and campaign committees, following suit of many companies, have employed advanced technologies that make it easier to disseminate the candidate's political agenda and solicit donations in the process. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> *Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus*

---

[1] Illinois State Board of Elections, Citizens For Seo (2016) https://www.elections.il.gov/CampaignDisclosure/CommitteeDetailOfficers.aspx?id=31643 (last visited Feb. 18, 2016).

*remove the need for human representatives*. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[2]

17. In 2003, the Federal Communications Commission added "predictive dialers" to fall within the meaning of an "automatic telephone dialing system," as defined in the TCPA.[3]

18. According to the FCC, a predictive dialer is:

an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a telemarketer will be available to take the call. Such software programs are set up in order to minimize the amount of downtime for a telemarketer. In some instances, a consumer answers the phone only to hear "dead air" because no telemarketer is free to take the call.

\* \* \*

Predictive dialers initiate phone calls while telemarketers are talking to other consumers and frequently disconnect those calls when a telemarketer is unavailable to take the next call. In attempting to 'predict' the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as 'dead air.' . . . The record also reveals that predictive dialers are responsible for the vast majority of abandoned telemarketing calls – both hang-ups

---

[2] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: ADAPTING CONSUMER PROTECTION TO CHANGING TECHNOLOGY 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

[3] *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 ¶ 133 (July 3, 2003).

and 'dead air' calls.[4]

*Defendants' Calls To Plaintiff And The Class*

19. At all relevant times, Plaintiff was the subscriber of his wireless telephone.

20. On or about January 10, 2016, Plaintiff received a call from the number (708) 888-0736 on his wireless telephone.

21. On or about February 10, 2016, Plaintiff received another call from the number (708) 888-0736 on his wireless telephone:



22. Upon answering the calls, Plaintiff heard the following prerecorded message, "Hi, I am Andrew Seo, a candidate for Water Reclamation District. I have a plan for government consolidation."

23. During the February 10, 2016 phone call, Defendants' prerecorded message repeated three times, "Hi, I am Andrew Seo, a candidate for Water Reclamation District. I have a plan for government consolidation."

---

[4] *Id.* ¶¶ 8, 146, 147; *see In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 FCC Rcd. 559 ¶ 12 (Jan. 4, 2008) (affirming "that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers" and rejecting position that "a predictive dialer meets the definition of [an ATDS] only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists").

24. On February 29, 2016, Plaintiff received a call from the number (773) 945-1823 on his wireless telephone:



25. Upon answering the calls, Plaintiff heard the following prerecorded message, "Hi, I am Andrew Seo, a candidate for Water Reclamation District. Early voting started today."

26. Accordingly, Defendants use the phone numbers (708) 888-0736 and (773) 945-1823 to deliver prerecorded political messages to wireless telephones.

-6-

27. At no point has Plaintiff ever inquired about Seo and SFC's campaign, donated to Seo and SFC's campaign, or voluntarily provided his number to Seo or SFC's campaign.

28. Numerous individuals have reports about receiving unwanted calls from Defendants:

- Andrew Seo running for MSD position. I can't stop the calls, but I can vote against him. — Moose (Feb. 11, 2016).

- Andrew Seo calling for your vote. Don't vote for him—he's awful. — J (Jan. 27, 2016).

- This is a message from Andrew Seo's water reclamation campaign. I was really pissed about a robocall to my cell phone, so I did some digging and found out that Andrew hired PR consultant Bridget Dooley to work for his campaign who I can only assume hired a company to make these calls. CALL Bridget at (630) 640-7933 and tell her that this is ILLEGAL. Or email her! Bridgetdooley@mac.com. —A (Jan. 29, 2016).

- It is very illegal to do automated calls for political purposes on cell phones.— No robocalls (Feb. 10, 2016).[5]

***Defendant Seo Is Personally Liable***

29. Seo's voice is the voice present in the prerecorded message.

30. Seo personally participated in the autodialing campaign by allowing his voice to be used as the prerecorded message.

31. Seo knew this message would be used for the autodialed prerecorded messages and consented to this strategy to be employed by Seo and CFS.

32. Seo personally benefitted from the autodialing campaign strategy employed by CFS and Seo, because the campaign benefitted his effort to be elected to public office.

---

[5] 800Notes, Calls From 708-888-0736, http://800notes.com/Phone.aspx/1-708-888-0736 (last visited Mar. 2, 2016).

*Defendant CFS Is Liable*

33.     CFS is the only registered political committee that supports Seo's candidacy for Commissioner of Metropolitan Water Reclamation District of Greater Chicago.

34.     Accordingly, no other entity would campaign on Seo's behalf for the position of Commissioner of Metropolitan Water Reclamation District of Greater Chicago.[6]

35.     In the capacity of Seo's official registered campaign committee, CFS determined a campaign strategy agreed upon by both Seo and CFS, which includes, but is not limited to, autodialing.

*Defendants' Collective Conduct*

36.     Defendants collectively have made, and continue to make, phone calls to Plaintiff's and the Class members' wireless phones without prior express consent as part of their campaign efforts.

37.     Defendants made, or had made on their behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

38.     Defendants made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

39.     Plaintiff and the Class members did not provide prior express consent for Seo or CFS to call their wireless phones.

---

[6] Illinois State Board of Elections, Citizens For Seo (2016) https://www.elections.il.gov/CampaignDisclosure/CommitteeDetailOfficers.aspx?id=31643 (last visited Feb. 18, 2016).

## V. CLASS ALLEGATIONS

40. Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States to whom Defendants Citizens For Seo and Andrew Seo made non-emergency calls to the individuals' wireless telephones through the use of an automatic dialing system or prerecorded voice, at any time within the four years prior to the filing of the instant Complaint (the "Class").

Excluded from the Class are CFS and Seo and their affiliated entities; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

41. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

42. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Seo and CFS's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

43. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

  a. Whether the equipment Defendants (or someone on Defendants' behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

  b. Whether Defendants (or someone on Defendants' behalf) used a prerecorded voice when making the calls to Plaintiff and the Class members;

  c. Whether Defendants' conduct constitutes a violation of the TCPA;

  d. Whether Seo is personally liable for the violation of the TCPA;

  e. Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief, and in what amount(s);

  f. Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

  g. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief.

44. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

45. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

46. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

47. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIM ALLEGED

### COUNT I
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of the Class)**

48. Defendants and/or their agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

49. Defendants made the calls, or had them made on their behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

50. Defendants utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

51. Seo is personally liable for his direct participation in the conduct alleged herein.

52. By making the calls to Plaintiff and the Class, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and an invasion of their privacy interest and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

53. Should the Court determine that Defendants' conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII. JURY DEMAND

54. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Cary Wolovick, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Cary Wolovick as the representative of the Class, and appointing his counsel as Class Counsel;

B. Finding that Defendants violated the TCPA;

C. Finding Seo personally liable;

D. Awarding of actual or statutory damages;

E. Requiring Defendants to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

F. Awarding of reasonable attorneys' fees and costs; and

G. Awarding such other and further relief that the Court deems reasonable and just.

Dated: March 3, 2016

Respectfully submitted,

CARY WOLOVICK, individually and on behalf of all others similarly situated

By: */s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
Richard S. Wilson
*rwilson@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

*Counsel for Plaintiff*
*and the Proposed Putative Class*